DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Karen L. Hirt, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, which entered a final judgment entry of divorce. We affirm.
 I. {¶ 2} Appellant and Appellee, Alan H. Hirt, were married in 1969. Two children were born as issue of the marriage, but they are now emancipated. During the marriage, Appellant worked at Hirt's Greenhouse, Inc., Appellee's family business. In addition, Appellee had gifted to Appellant 56 limited partnership shares in Hirt Family Investments, Ltd.
 {¶ 3} In October 2000, Appellant filed a complaint for legal separation, raising as grounds gross neglect of duty and extreme cruelty. Appellee answered and denied these allegations. Appellee also filed a counterclaim for legal separation asserting gross neglect of duty and extreme cruelty; Appellant also answered and denied these assertions. As part of the property division, Appellant sought to obtain a marital property interest in Appellee's Hirt's Greenhouse, Inc. stock.
 {¶ 4} In June 2001, Appellee filed an amended counterclaim to include a claim for divorce on the grounds of gross neglect of duty and extreme cruelty. Appellant answered and denied the allegations. A bench trial was held in April 2002. On June 14, 2002, the trial court entered a judgment entry of divorce on the ground of incompatibility, and dismissed Appellant's claim for legal separation as moot. Hirt v. Hirt (June 14, 2002), Medina C.P. No. 00DR0808.
 {¶ 5} Appellant appealed from this judgment of divorce to this Court. As part of the alleged errors, Appellant argued that the trial court erred in granting Appellee's complaint for divorce on the ground of incompatibility because the complaint did not allege incompatibility as a ground. In a decision and journal entry dated May 14, 2003, this Court reversed and remanded the case, finding that the court abused its discretion in granting the divorce on incompatibility grounds. Hirt v.Hirt, 9th Dist. No. 02CA0053-M, 2003-Ohio-2425, at ¶ 12 ("HirtI"). This Court found that the record did not support a finding that the parties asserted and agreed to such a ground for divorce. Id. at ¶ 10. Appellant had also assigned error to the court's valuation of Hirt's Greenhouse, Inc. stock, the refusal to grant Appellant a marital property interest in the stock, the determination of spousal support, the division of property between the parties, and the refusal to award Appellant attorney fees. This Court declined to address these remaining assignments of error. Id. at ¶ 13.
 {¶ 6} While the Hirt I appeal was pending with this Court, Appellant filed a motion to modify spousal support in the trial court. A magistrate granted the motion, and Appellee filed objections to the decision. However, this Court issued its decision in Hirt I before the trial court could rule on Appellee's objections to the magistrate's decision. Pursuant to our reversal and remand of the divorce decree, the trial court vacated the magistrate's decision and dismissed Appellant's motion to modify spousal support. The court also vacated the judgment entry of divorce, effective May 14, 2003, and dismissed Appellee's claim for divorce. On August 27, 2003, the court entered a judgment entry of legal separation, which included a division of property, a determination of spousal support, and a determination that the term of the marriage was from December 27, 1969, to April 1, 2002. In its judgment entry, the court found that Hirt's Greenhouse, Inc. stock had a zero value, and that therefore there was no appreciation value to allocate between the parties. Using updated financial figures, the court adopted the property division that had been entered in the 2002 divorce decree. The court also denied Appellant's request for attorney fees. Hirt v. Hirt (Aug. 27, 2003), Medina C.P. No. 00DR0808.
 {¶ 7} Appellant also appealed from this judgment to this Court. Appellant assigned error to the trial court's determination of spousal support, to the denial of Appellant's request for attorney fees, and the valuation of Hirt's Greenhouse, Inc. stock as having no appreciation value. This Court overruled all of Appellant's assignments of error and affirmed the trial court's judgment. Hirt v. Hirt, 9th Dist. No. 03CA0110-M, 2004-Ohio-4318, at ¶ 24 ("Hirt II").
 {¶ 8} On November 2, 2003, during the pendency of the HirtII appeal, Appellee filed a complaint for divorce, asserting that the parties were incompatible and lived separate and apart without cohabitation for more than one year.[1] Appellee requested that the court adopt the division of property and determination of spousal support as set forth in the court's August 27, 2003 entry. The parties stipulated that all findings of fact and conclusions of law entered in case number 00DR0808 would be the findings of fact and conclusions of law in this subsequent case. Then, Appellant filed an answer and counterclaim for divorce on the grounds of gross neglect of duty and extreme cruelty. Appellant also joined Hirt's Greenhouse, Inc. and Hirt Family Investments Ltd. as third-party defendants.[2]
Appellant later agreed to proceed on Appellee's grounds for divorce. Following a bench trial, the court entered a judgment entry of divorce on March 24, 2005, in which it granted Appellee's claim and dismissed Appellant's counterclaim. The court found the duration of the marriage to be from December 27, 1969, to April 1, 2002. Hirt v. Hirt (Mar. 24, 2005), Medina C.P. No. 03DR0586. This appeal followed.
 {¶ 9} Appellant timely appealed, asserting five assignments of error for review.
 II. First Assignment of Error
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THAT THE MARRIAGE TERMINATED ON THE DATE SET BY THE LEGAL SEPARATION[.]"
 Second Assignment of Error
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DETERMINED THAT THE MARITAL APPRECIATION IN HIRT'S GREENHOUSE WAS ZERO[.]"
 Third Assignment of Error
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SPECULATED AND DETERMINED THAT ZAREMBA DEVELOPMENT WOULD NEVER EXERCISE ITS PURCHASE OPTION ON HIRT'S GREENHOUSE. THE TRIAL COURT COMMITTED FURTHER REVERSIBLE ERROR WHEN IT FAILED TO DETERMINE DEFENDANT-WIFE'S SHARE OF THE MARITAL APPRECIATION IN HIRT'S GREENHOUSE, INC. THAT EXISTED IF ZAREMBA DEVELOPMENT EXERCISED ITS $2.4 MILLION OFFER TO PURCHASE HIRT'S MAIN LOCATION IN STRONGSVILLE."
 Fourth Assignment of Error
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO MAKE A DISTRIBUTIVE AWARD REQUIRING PLAINTIFF-HUSBAND TO PURCHASE DEFENDANT-WIFE'S MINORITY HOLDING OF SHARES IN THE HIRT'S FAMILY INVESTMENTS, LTD. WHICH ARE NOT MARKETABLE AND OVER WHICH HUSBAND RETAINS CONTROL AS GENERAL PARTNER."
 Fifth Assignment of Error
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO AWARD ANY ATTORNEY FEES TO THE DEFENDANT-WIFE WHERE $98,000 OF HER PROPERTY DIVISION WAS NOT LIQUID AND WHERE SHE NEEDED TO PURCHASE A HANDICAP-ACCESSIBLE PLACE TO LIVE."
 {¶ 10} In her first assignment of error, Appellant asserts that the trial court erred when it used the date set by the legal separation as the date that the parties' marriage terminated by divorce. In her second and third assignments of error, Appellant challenged the trial court's findings with respect to the appreciation value of Hirt's Greenhouse, Inc. In her fourth assignment of error, Appellant contends that the trial court erred when it failed to make a distributive award by ordering Appellee to purchase her minority holding of 56 limited partnership shares in Hirt's Family Investments, Ltd. Finally, in her fifth assignment of error, Appellant argues that the trial court erred when if failed to award her attorney fees.
 {¶ 11} On August 27, 2003, in the legal separation proceedings, the trial court conclusively determined the issues of the duration of the marriage, Appellant's attorney fees, the appreciation value of Hirt's Greenhouse, Inc., and Appellant's minority shares. This Court affirmed the legal separation in its entirety in Hirt II and denied Appellant's request for attorney fees. Appellant attempts to re-argue these issues in these most recent divorce proceedings and on appeal from the divorce decree.
 {¶ 12} The doctrine of res judicata encompasses the concepts of issue preclusion (collateral estoppel) and claim preclusion.Fort Frye Teachers Assn., OEA/NEA v. State Empl. Relations Bd.
(1998), 81 Ohio St.3d 392, 395. The concept of issue preclusion has been articulated as follows:
"[A] fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. the relitigation of a fact or point that was actually and directly at issue in a previous proceeding between the same parties or their privies, and was passed upon and determined by a court of competent jurisdiction." Fort Frye,81 Ohio St.3d at 395. See, also, Rehoreg v. Stoneco, Inc., 9th Dist. No. 04CA008481, 2005-Ohio-12, at ¶ 10.
This doctrine serves to "protect litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane v. Hosiery Co. v. Shore (1979),439 U.S. 322, 329, 58 L.Ed.2d 552. See, also, Kelly v. Georgia-PacificCorp. (1989), 46 Ohio St.3d 134, 143.
 {¶ 13} In this case, issue preclusion precludes Appellant from re-litigating these issues and raising new arguments in support of these issues in the divorce proceeding, because they were already conclusively determined in the legal separation proceeding. See Payton v. Payton (June 20, 1997), 4th Dist. No. 96 CA 2438, at *4 (noting, that, although legal separation and divorce actions constitute separate causes of action, issue preclusion applies to preclude the re-litigation of issues conclusively determined during the earlier legal separation proceeding).
 {¶ 14} In the legal separation judgment, the court made a division of marital property that it found to be fair and equitable. The court noted that the parties agreed that each party's 56 minority shares in Hirt Family Investments, Ltd. were separate property. Appellant now complains, that, because this decision effectively deprived Appellant of annual income, the trial court should now effect a distributive award of Appellee's 56 shares in lieu of a distribution of marital property pursuant to R.C. 3105.171(D) and (E). In the divorce decree, the trial court found:
"The Court notes that there have been two divorce trials, one spousal support modification hearing and two appeals associated with the termination of this marriage. Yet this is the first time [Appellant] has requested a distributive award to compensate her for [Appellee's] retention of property this Court has repeatedly found to be [Appellant's] separate property."
Thus, Appellant is precluded from re-litigating this issue by raising new arguments.
 {¶ 15} Regarding its denial of Appellant's request for attorney fees in the divorce case, the trial court found during the legal separation proceedings, "[Appellant] failed to meet her burden to prove that without such an award she would be unable to fully litigate and protect her rights, particularly in light of the property division and spousal award." In the divorce decree underlying this appeal, the court found:
"Little has changed since [the legal separation] decision. [Appellee] still has the ability to pay her attorney fees, but so does she. Further, given that she has driven this litigation through three trials and two appeals * * *, it cannot be suggested [that Appellant] has been prevented from fully litigating her rights and adequately protecting her interests."
 {¶ 16} Appellant argues that in April 2002, during the pendency of the first divorce proceedings, the parties stipulated to the fact that her attorney fee bill was $26,900. Appellant also references the fact that she had outstanding attorney fees in the amount of $17,000 at the beginning of the divorce trial in 2005, albeit without any references to the record to support this assertion. It appears that Appellant may be attempting to re-litigate the same attorney fees she has been claiming since 2000. Without more information, we cannot ascertain whether Appellant attempts to claim any new attorney fees incurred during the proceedings underlying this appeal. Appellant has failed to meet her burden on appeal in this respect. See Angle v. W. Res.Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, M, at *1;Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, Loc.R. 7(E). "If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. No. 18349, at *8. Thus, we conclude that collateral estoppel bars the re-litigation of the attorney fees in this case, as well.
 {¶ 17} Based upon the foregoing, Appellant's assignments of error are overruled.
 III. {¶ 18} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J. concurs.
[1] Case No. 03DR0586. This trial court case is the subject of the instant appeal.
[2] On January 3, 2005, Appellant filed a Civ.R. 60(B) motion for relief from judgment of the August 27, 2003 legal separation judgment entered in case number 00DR0808. The court denied Appellant's motion.