CONDIT, Appellee,

v.

CONDIT, Appellant.

[Cite as *Condit v. Condit*, 190 Ohio App.3d 634, 2010-Ohio-5202.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–100213.

Decided Oct. 27, 2010.

Wood & Lamping, L.L.P., and Jeffrey M. Rollman, for appellee.

Terry M. Tranter, for appellant.

DINKELACKER, Judge.

{¶ 1} Defendant-appellant, James J. Condit Jr., appeals from a divorce decree ending his marriage to plaintiff-appellee, Kathleen Condit. We find no merit in his seven assignments of error, and we affirm the trial court's judgment.

## I. Facts and Procedure

{¶ 2} The parties were married in 1978. In 2004, they entered into a separation agreement that became incorporated into a decree of legal separation. The parties' primary reason for seeking a legal separation at that time instead of a divorce was James's need for insurance coverage through Kathleen's employer.

{¶ 3} The decree stated that the court had approved the separation agreement and had incorporated it into the decree "all subject to the further jurisdiction of this Court." In the separation agreement, James had agreed to pay Kathleen $1,500 per month in spousal support for seven years. The agreement also stated that "such spousal support shall not be subject to further review of the Court."

{¶ 4} In January 2008, Kathleen filed a complaint for divorce. While the divorce proceedings were pending, James asked the court to modify the spousal-support order in the legal-separation decree. A magistrate recommended that spousal support remain the same. She stated that "[s]pousal support was addressed in the [legal-separation] Decree and there was no retention of jurisdiction, therefore the matter is barred by *res judicata* and the spousal support order * * * shall remain as previously ordered." [1]

---

1. Emphasis sic.

{¶ 5} James objected to the magistrate's decision, and the trial court overruled the objections. It stated, "The issue of spousal support was specifically addressed in the parties' prior Decree of Legal Separation * * *. This court did not retain jurisdiction over the issue of spousal support regarding either spouse, therefore, the Magistrate did not err in finding that the issue of any spousal support order cannot now be addressed by this Court."

{¶ 6} James appealed from the court's judgment entry overruling his objections to the magistrate's decision. We dismissed the appeal due to the lack of a final, appealable order.[2] The trial court subsequently journalized a divorce decree, which incorporated the decree of legal separation. This appeal followed.

## II. Modification of Spousal Support in a Decree of Legal Separation

{¶ 7} In his first three assignments of error, James takes issue with the trial court's denial of his motion to modify spousal support. He argues that the trial court did have jurisdiction to modify spousal support and that a modification was appropriate under the circumstances. Specifically, he argues that a modification was justified because once the parties were divorced, Kathleen could no longer provide insurance for him through her employer and he will incur great expense to obtain insurance for himself. While we agree that the trial court did have jurisdiction to modify spousal support, we hold that a modification was not warranted under the circumstances.

{¶ 8} As a general rule, the doctrine of res judicata bars the relitigation of issues involved in a decree of legal separation, such as the date of the termination of the marriage.[3] But R.C. 3105.18(D) specifically states that "[i]n an action brought solely for an order for legal separation under section 3105.17 of the Revised Code, any continuing order for periodic payments of money entered pursuant to this section is subject to further order of the court upon changed circumstances of either party." R.C. 3105.18(D) is in contrast to R.C. 3105.18(E), which states that an order for periodic payments in a divorce or dissolution is modifiable only if the court retains jurisdiction to modify it.[4]

{¶ 9} Because the original order of spousal support was in a decree of legal separation, not in a divorce decree, the trial court retained jurisdiction to modify it regardless of whether it had explicitly retained jurisdiction to modify.[5]

2. *Condit v. Condit* (Nov. 18, 2009), 1st Dist. No. C–081262.

3. See *Hirt v. Hirt,* 9th Dist. No. 05CA0035–M, 2006-Ohio-2851, 2006 WL 1544322, ¶ 10–14.

4. See *Kimble v. Kimble,* 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273, syllabus; *Coors v. MacEachen,* 1st Dist. No. C–100013, 2010-Ohio-4470, 2010 WL 3722778, ¶ 30.

5. *Dunlap v. Dunlap,* 9th Dist. No. 23860, 2008-Ohio-3201, 2008 WL 2582924, ¶ 26.

We note that we have found a case in which the court held otherwise, but it relied on subsection (E) and completely ignored subsection (D).[6] Therefore, we do not find that case to be persuasive.

{¶ 10} Thus, the trial court erred in finding that it did not have jurisdiction to modify the amount of spousal support in the decree of legal separation. Nevertheless, the trial court may have been right for the wrong reasons.[7]

{¶ 11} A separation agreement is a contract between the parties. Its interpretation is generally a matter of law, and it is subject to the same rules of construction that govern other contracts.[8] The court's primary objective in construing a separation agreement is to give effect to the parties' intent, which can be found in the language they have chosen to employ.[9] If the terms of a separation agreement are unambiguous, a court must give the terms their plain, ordinary meanings, and it need not go beyond the plain language of the agreement to determine the parties' rights and obligations.[10]

{¶ 12} In this case, the separation agreement stated that James would pay Kathleen $1,500 per month in spousal support for seven years. It specifically stated that spousal support "was not subject to further review by the Court."

{¶ 13} Actions for divorce are purely statutory,[11] and the parties in this case could not waive the court's statutory jurisdiction.[12] But they could waive the right to seek modification of spousal support as a contractual matter between

6. *Welch v. Welch,* 11th Dist. No. 2005–L–132, 2006-Ohio-6861, 2006 WL 3772232, ¶ 8. See also *Payton v. Payton* (June 20, 1997), 4th Dist. No. 96 CA 2438, 1997 WL 354797.

7. *Mann v. Cincinnati Enquirer,* 1st Dist. No. C–090747, 2010-Ohio-3963, 2010 WL 3328631, ¶ 22; *Hall v. Gill* (1995), 108 Ohio App.3d 196, 205, 670 N.E.2d 503.

8. *Blazic v. Blazic,* 1st Dist. Nos. C–040414 and C–040440, 2005-Ohio-4417, 2005 WL 2044954, ¶ 13; *Bloch v. Bloch* (Mar. 20, 1991), 1st Dist. Nos. C–890685 and C–890706, 1991 WL 36536.

9. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.* (1997), 78 Ohio St.3d 353, 361, 678 N.E.2d 519; *Blair v. McDonagh,* 177 Ohio App.3d 262, 2008-Ohio-3698, 894 N.E.2d 377, ¶ 49; *Womelsdorf v. Reichert* (Feb. 14, 1996), 1st Dist. No. C–950224, 1996 WL 61072.

10. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920; *Blair,* 177 Ohio App.3d 262, 2008-Ohio-3698, 894 N.E.2d 377, at ¶ 48; *Blazic,* 2005-Ohio-4417, 2005 WL 2044954, at ¶ 13–14; *Arcuri v. Arcuri* (Nov. 3, 2000), 1st Dist. No. C–990802, 2000 WL 1643586.

11. *Gibson v. Gibson* (1993), 87 Ohio App.3d 426, 431, 622 N.E.2d 425.

12. *Colonial Village Ltd. v. Washington Cty. Bd. of Revision,* 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298, ¶ 10; *State v. Lisboa,* 8th Dist. No. 89283, 2008-Ohio-571, 2008 WL 384141, ¶ 14; *State v. Wilson* (May 11, 1994), 1st Dist. No. C–930429, 1994 WL 176901.

themselves. The plain language of the agreement shows that the parties' intent was that spousal support would not be modifiable, and we must give effect to their contractual language.[13]

{¶ 14} Consequently, we hold that the trial court did not err in denying James's motion to modify spousal support. We overrule his first, second, and third assignments of error.

### III. Grounds for Divorce—Living Separate and Apart

{¶ 15} In his fourth, fifth, and seventh assignments of error, James takes issue with the trial court's decision granting a divorce on the basis that the parties had "without interruption for one year, lived separate and apart without cohabitation" under R.C. 3105.01(J). We find no merit in his arguments under these assignments of error.

### A. Corroborating Evidence

{¶ 16} Civ.R. 75(M) provides that a "[j]udgment for divorce, annulment, or legal separation shall not be granted upon the testimony or admission of a party not supported by other credible evidence." Thus, the court cannot grant a divorce unless a party's evidence of grounds is corroborated by another witness or other independent evidence.[14]

{¶ 17} Corroborating evidence must pertain to material elements essential to the proof of the ground for divorce set out in the complaint, but it is not required for each and every material fact.[15] The evidence "must merely substantiate the testimony of a party, but need not support it in every detail."[16] It may be oral, documentary, or both, and a court may consider the evidence and admissions of the other party and find that they are corroborative of the first party's testimony.[17]

{¶ 18} The trial court has the authority to weigh the evidence as the ultimate finder of fact and to determine whether the facts are sufficient to

---

**13.** See *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 474 N.E.2d 271; *Blair* at ¶ 48.

**14.** *Mathews v. Laci* (May 4, 1992), 12th Dist. No. CA91–09–076, 1992 WL 93077.

**15.** *Damschroder v. Damschroder* (Jan. 30, 1998), 6th Dist. No. L–96–241, 1998 WL 46376.

**16.** *Kaminski v. Kaminski* (Mar. 3, 1997), 12th Dist. No. C96–09–073, 1997 WL 89156, *2, quoting *Sindel v. Sindel* (App.1975), 7 O.O.3d 223, 225.

**17.** *Damschroder.*

establish grounds for divorce.[18]    The court has broad discretion in determining the proper grounds for divorce, and we will not reverse its decision absent an abuse of discretion.[19]

{¶ 19} Kathleen testified that the parties had lived separately without interruption since 2004.    Her corroborating witness was her sister, Mary Beth Bedel.    In his fourth assignment of error, James argues that Bedel's testimony was insufficient because it was not based on her own personal knowledge as required by Evid.R. 602.

{¶ 20} Evid.R. 602 provides that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.    Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."    Personal knowledge is "knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said."[20]

{¶ 21} James contends that Bedel's testimony was based on what her mother had told her and the fact that Kathleen did not have time to cohabit because she was working every day.    But Bedel testified that she had helped Kathleen move out of the marital home in 2004 and that Kathleen had had to take in their mother to "survive and have some money."    Bedel also testified to having conversations with James about a piano that had belonged to Kathleen prior to the marriage and to receiving e-mails and letters from him regarding the marriage and separation.

{¶ 22} Bedel testified that she did not believe that the parties had ever cohabited between 2004 and the date of the hearing.    When asked about the basis for that belief, she stated, "I just know that she was busy enough taking care of her own house, working a full-time job and taking care of our mom."    She also testified that Kathleen had refused to talk to James and that she had observed her hang up on him when he had called her.

{¶ 23} Thus, Bedel's testimony was based on her own experience and observations and not on what someone else had told her.    Her testimony substantiated Kathleen's testimony on the material elements of the ground for divorce.    Further, Kathleen's testimony was also corroborated by the legal separation agreement, which James had voluntarily signed.

18.  *Kaminski*;  *Hunt v. Hunt* (1989), 63 Ohio App.3d 178, 179, 578 N.E.2d 498.

19.  *Lassiter v. Lassiter*, 1st Dist. No. C–010309, 2002-Ohio-3136, 2002 WL 1343249, ¶ 33; *Kaminski*;  *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 116, 546 N.E.2d 950.

20.  *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 26.

{¶ 24} Thus, the corroboration requirement of Civ.R. 75(M) was met. The trial court's finding that the parties had lived separate and apart without interruption for a year was supported by competent, credible evidence. It was not so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion.[21] Therefore, we overrule James's fourth assignment of error.

### B. Language in the Divorce Decree

{¶ 25} In his fifth assignment of error, James contends that the trial court erred in granting the divorce because the grounds were not adequately stated in the divorce decree. R.C. 3105.01(J) provides that a court may grant a divorce "[o]n the application of either party, when husband and wife have, without interruption for one year, lived separate and apart without cohabitation." The decree states that "[t]he Court finds that the parties have lived separate and apart without cohabitation in excess of one year." James argues that the court's failure to follow the statutory language and include the words "without interruption" meant that the court did not make the finding that the statute required. This assignment of error is not well taken.

{¶ 26} We find no case law that says that the decree must echo the words of the statute. To the contrary, R.C. 3105.10(A) provides that "[t]he court of common pleas shall hear any of the causes for divorce * * * charged in the complaint and may, upon proof to the satisfaction of the court, pronounce the marriage contract dissolved and both of the parties released from their obligations." A reviewing court may set aside a decree of divorce "only when the record does not disclose any evidence of a substantial nature which reasonably supports the judgment." [22]

{¶ 27} In this case, the evidence supported the trial court's finding that the parties had, without interruption for one year, lived separate and apart without cohabitation. Consequently, we will not set aside the divorce decree, and we overrule James's fifth assignment of error.

### C. Voluntariness of the Separation

{¶ 28} In his seventh assignment of error, James contends that the trial court erred in granting the divorce on the basis that the parties had lived separate and apart for one year under R.C. 3105.01(J). He contends that the

---

21. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 218, 5 OBR 481, 450 N.E.2d 1140; *Coors*, 2010-Ohio-4470, 2010 WL 3722778, at ¶ 13; *Damschroder*, 1998 WL 46376.

22. *Clark v. Clark*, 7th Dist. No. 03 NO 308, 2004-Ohio-1577, 2004 WL 615708, ¶ 12; *Rice v. Rice* (Nov. 8, 2001), 8th Dist. No. 78682, 2001 WL 1400012.

record fails to show that the separation was voluntary on his part. This assignment of error is not well taken.

{¶ 29} Courts, including this one, have recognized that R.C. 3105.01(J) is the "no fault" divorce provision. It provides that people who cannot live together should not be compelled to remain married if either party wishes to end the marriage, and it does not require both parties to consent to living separate and apart.[23] Generally, "living apart for a long period of time is the best evidence that a marriage has broken down."[24]

{¶ 30} James relies on a case in which the appellate court had held that a separation was not voluntary. But in that case, the wife had suffered a stroke and spent a substantial amount of time in the hospital and a nursing home. The court found that the separation was not voluntary because "the living apart is the result of [the wife's] illness rather than an indication that the marriage has broken apart."[25]

{¶ 31} This case is distinguishable. Here the marriage had broken down to the point that Kathleen would no longer speak to James. She wanted the separation, and James did not have to consent to it. Further, while James did not want the separation, he did voluntarily sign the separation agreement. Therefore, the trial court did not err in granting a divorce on the ground set forth in R.C. 3105.01(J), and we overrule James's seventh assignment of error.

### IV.  Proffer of Excluded Testimony

{¶ 32} In his sixth assignment of error, James contends that the trial court erred in not allowing him to proffer excluded testimony. He had sought to recall Bedel to the witness stand to cross-examine her about her personal knowledge of the grounds for divorce. The trial court had denied his request, but had allowed him to state on the record what he believed her testimony would be. This assignment of error is not well taken.

{¶ 33} Evid.R. 103(A) states that "[e]rror may not be predicated upon a ruling which * * * excludes evidence unless a substantial right of the party is affected, and * * * the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

---

23.  *Nolan v. Nolan,* 11th Dist. No. 2005–G–2623, 2006-Ohio-3409, 2006 WL 1817075, ¶ 22–24; *Harding v. Harding,* 8th Dist. No. 85022, 2005-Ohio-3010, 2005 WL 1406293, ¶ 15; *Sproull v. Sproull* (Mar. 8, 1978), 1st Dist. No. C–76911, 1978 WL 216393.

24.  *Nolan* at ¶ 23; *Dailey v. Dailey* (1983), 11 Ohio App.3d 121, 122, 11 OBR 176, 463 N.E.2d 427.

25.  *Dailey* at 122.

{¶ 34} On cross-examination, the court sustained Kathleen's objections to questions that James had asked Bedel. James's counsel said that he wanted to proffer her answer for the record. The magistrate told him that he would have to do that outside of the magistrate's presence, and counsel replied, "Okay. We'll do that."

{¶ 35} Later, James asked to recall Bedel to proffer her testimony. The court said, "All right. * * * What do you believe her answer would be?" Counsel replied, "I think her answer would be that she does not have any personal knowledge that they lived separate and apart [without] cohabitation or interruption for more than one year. That the basis of her opinion is based on her mother who had a stroke and was living with Miss [sic] Condit and what Miss [sic] Condit told her."

{¶ 36} The magistrate stated that the evidence of a lack of cohabitation was sufficient and that she would recommend granting the divorce. James's counsel again asked to recall the witness, and the magistrate stated, "You did a proffer just now what you believe her testimony would be. * * * That is sufficient for purposes of the record for appeal."

{¶ 37} The court permitted James's counsel to state the substance of the testimony that he wished to present. Thus, the substance of the evidence was made known to the court, and James was able to preserve his objection for purposes of appeal.[26] The court's refusal to allow James to recall the witness did not affect his substantial rights. Therefore, we overrule his sixth assignment of error and affirm the trial court's judgment.

Judgment affirmed.

HILDEBRANDT, P.J., and SUNDERMANN, J., concur.

**26.** See *State v. Grubb* (1986), 28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142, paragraph two of the syllabus; *State v. Robertson*, 1st Dist. Nos. C–070151 and C–070159, 2008-Ohio-2562, 2008 WL 2220395, ¶ 29.