[Cite as *Eysoldt v. Proscan Imaging*, 2011-Ohio-6740.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JEFF EYSOLDT, | : | APPEAL NO. C-110138 |
| | | TRIAL NO. A-0703129 |
| MARK EYSOLDT, | : | |
| | | *O P I N I O N.* |
| and | : | |
| JILL EYSOLDT, | : | |
| Plaintiffs-Appellees, | : | |
| and | : | |
| KATHERINE EYSOLDT, et al., | : | |
| Plaintiffs, | : | |
| vs. | : | |
| PROSCAN IMAGING, et al., | : | |
| Defendants, | : | |
| and | : | |
| GO DADDY.COM, INC., | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 28, 2011

*William M. Gustavson*, for Plaintiffs-Appellees,

*Thompson Hine, LLP, Christopher M. Bechhold*, and *Heather M. Hawkins*, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**DINKELACKER, Presiding Judge.**

{¶1}    Defendant-appellant Go Daddy.com., Inc., ("Go Daddy") appeals from the trial court's judgment denying its motion for an entry of partial satisfaction of a judgment entered in favor of plaintiffs-appellees Jeff Eysoldt, Mark Eysoldt and Jill Eysoldt.  We find no merit in its sole assignment of error, and we affirm the trial court's judgment.

{¶2}    The Eysoldts filed a complaint for invasion of privacy and conversion against Go Daddy.  They also filed other causes of action against several other defendants, who eventually settled their claims with the Eysoldts.  The case proceeded to a jury trial against Go Daddy, the only remaining defendant.

{¶3}    The jury found in favor of the Eysoldts and awarded each of them compensatory damages on all of their claims against Go Daddy, including claims for conversion and invasion of privacy.  Go Daddy filed motions for directed verdicts, for judgment notwithstanding the verdicts, and for a new trial.  The trial court granted Go Daddy's motion for a directed verdict as to the punitive damages, concluding that the evidence did not show actual malice.  It overruled the motion for directed verdicts in all other respects, as well as the other motions.  The court granted judgment in favor of Jeff Eysoldt for $50,000, Jill Eysoldt for $10,000, and Mark Eysoldt for $10,000.

{¶4}    All parties appealed to this court.  We affirmed the trial court's judgment in all respects in *Eysoldt v. Proscan Imaging*, 1st Dist. Nos. C-100528 and C-100529, 2011-Ohio-2359.  Go Daddy appealed our decision to the Ohio Supreme Court, which refused to hear the case.  *Eysoldt v. Proscan Imaging*, 129 Ohio St.3d 1506, 2011-Ohio-5358, 955 N.E.2d 388.

{¶5}    Subsequently, Go Daddy filed its motion for entry of partial satisfaction of judgment.  It argued that the Eysoldts' damages should have been reduced by any

2

monies paid to them by the other defendants according to the various settlement agreements because those monies constituted a partial satisfaction of the judgment against it. The trial court overruled the motion. This appeal followed.

{¶6} In its sole assignment of error, Go Daddy contends that the trial court erred in denying its motion for entry of partial satisfaction of judgment. It argues that the Eysoldts were not entitled to a double recovery, and that under R.C. 2307.28 it was entitled to a set-off for the monies paid by the other defendants. This assignment of error is not well taken.

{¶7} R.C. 2307.22 et seq. governs the apportionment of liability in certain civil actions. R.C. 2307.28 sets forth the effect of a release or covenant not to sue or not to enforce judgment. *Kritzwiser v. Bonetzky*, 3rd Dist. No. 8-07-24, 2008-Ohio-4952, ¶27. Under that statute, a release reduces the claim against the other tortfeasors by the amount of the consideration paid in exchange for the release. *Spalla v. Fransen*, 188 Ohio App.3d 666, 2010-Ohio-3461, 936 N.E.2d 559, ¶45. Go Daddy argues that the trial court misinterpreted the statute in various ways.

{¶8} We need not reach that issue. Go Daddy's arguments ignore the plain language of R.C. 2307.25(A). See *Merchants Bank and Trust Co. v. Five Star Fin. Corp.*, 1st Dist. No. C-100037, 2011-Ohio-2476, ¶10. It specifically states, "There is no right of contribution in favor of any tortfeasor against whom an intentional tort claim has been alleged and established." Thus, "a joint tortfeasor who acted intentionally should be treated differently as to damages from one who was merely negligent." *Klosterman v. Fussner* (1994), 99 Ohio App.3d 534, 539, 651 N.E.2d 64.

{¶9} In interpreting former R.C. 2307.28, which was then numbered 2307.32, and former R.C. 2307.25, which was then numbered 2307.31, the Ohio Supreme Court stated, "Further, defendant is not entitled to a reduction of plaintiffs' judgment by the amount plaintiffs received from defendant's suppliers in exchange for a covenant not to

sue. R.C. 2307.31(A) provides that '[t]here is no right of contribution in favor of any tortfeasor who had intentionally caused or intentionally contributed to * * * [an] injury or wrongful death.' Although R.C. 2307.32(F) allows for a reduction of a judgment by the amount paid by another tortfeasor in exchange for a covenant not to sue, we are persuaded that the legislature did not intend that such reduction may benefit an intentional wrongdoer. It would be nonsensical to hold that while an intentional tortfeasor may not profit by means of contribution from a fellow wrongdoer, he may nevertheless secure a reduction in the judgment against him by the sum paid to plaintiff in exchange for a covenant not to sue. We refuse to presume that the legislature intended this incongruous result." *Jones v. VIP Dev. Co.* (1984), 15 Ohio St.3d 90, 98, 472 N.E.2d 1046 (citations omitted).

{¶10} Thus, the supreme court interpreted the former version of R.C. 2307.25 as providing a narrow legislative exception to the general rule that among joint tortfeasors, the plaintiff is entitled to only one recovery. Under that exception, when a plaintiff recovers from or settles with another tortfeasor and subsequently obtains a judgment against an intentional tortfeasor for the same injury, the plaintiff may recover more than the amount required to make the plaintiff whole because the intentional tortfeasor is not entitled to any reduction in the award against him, regardless of the amount of the previous judgment or settlement. *Klosterman*, supra, at 540.

{¶11} Go Daddy contends that the intentional torts in this case did not necessarily involve intentional conduct. It argues that invasion of privacy can result from negligence and that conversion can result from mistake. This argument is disingenuous at best. The jury found Go Daddy liable for the two intentional torts, and the record contains no interrogatories or any other indication that the jury concluded that Go Daddy had not acted intentionally.

**{¶12}**   In our previous decision, we held that Go Daddy's conduct did not rise to the level of actual malice necessary for the imposition of punitive damages.   But that is a higher standard than intentional conduct.   We specifically stated that "[p]laintiffs must show more than an intentional tort.   They must demonstrate that the wrongdoing is 'particularly gross or egregious.' "   *Eysoldt*, supra, at ¶49.   Nowhere did we state that Go Daddy's conduct was not intentional.    To the contrary, we held that the economic-loss rule did not apply because the case involved intentional conduct.   Id. at ¶19-23.

**{¶13}**   Go Daddy's argument also misinterprets the concept of intent.   "The intent with which tort liability is concerned is not necessarily a hostile intent, or a desire to do any harm.   Rather it is an intent to bring about a result which will invade the interests of another in a way the law forbids[.]"   *Jones*, supra, at 94-95, quoting Prosser & Keeton, Law of Torts (5 Ed. 1984) 36, section 8; *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 383, 680 N.E.2d 1279.   This case involved intentional conduct, and the cases to which Go Daddy cites are inapplicable.

**{¶14}**   Under R.C. 2307.25, Go Daddy was not entitled to any set-off.   Although the trial court overruled Go Daddy's motion based on its interpretation of R.C. 2307.28, it was right for the wrong reasons.   See *Condit v. Condit*, 190 Ohio App.3d 634, 2010-Ohio-5202, 943 N.E.2d 1041, ¶10; *Hall v. Gill* (1995), 108 Ohio App.3d 196, 205, 670 N.E.2d 503.   We hold that the trial court did not err in denying Go Daddy's motion for partial satisfaction of judgment.   Therefore, we overrule Go Daddy's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**HENDON** and **CUNNINGHAM, JJ.,** concur.

Please note:

The court has recorded its own entry this date.