[Cite as *In re D.L.*, 2015-Ohio-4747.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: D.L.

:      APPEAL NO. C-140711
        TRIAL NO. 14-6526Z

:

:      *O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  November 20, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*The Office of the Ohio Public Defender* and *Brook M. Burns*, Assistant State Public Defender, for Appellant D.L.

Please note:  This case has been removed from the accelerated calendar.

**MOCK, Judge.**

{¶1}   Appellant D.L. appeals an adjudication of delinquency for acts that, if committed by an adult, would have constituted the offense of theft under former R.C. 2913.02.   While we affirm the finding of guilt, we hold that the trial court erred in adjudicating D.L. delinquent for theft as a fourth-degree felony.

{¶2}   The record shows that on June 27, 2014, Kevin Schafer, an ATM service technician, went to Braun's Deli on West Liberty Street to service the ATM located there.   He had a burlap bag full of money in denominations of ten and 20 dollars that he had obtained from the bank that morning.

{¶3}   He took $2,000 out of the bag to put in the deli's ATM and left the bag on the floorboard in the front passenger seat of his car.   Though he thought he had locked the car doors, he later realized he had left the passenger side door unlocked. He had also left the passenger window rolled down six to eight inches.   When Schafer completed his duties, he returned to the car and discovered that the bag of money was gone.

{¶4}   Schafer immediately called the police.   The police officers obtained surveillance video from the deli's outside cameras.   The officers identified D.L. and his brother, A.K., loitering in front of the deli.   In the video, A.K. can be seen entering the deli, followed by Schafer.   A.K. then left the deli and met D.L. outside.   Both of them walked around the corner.   On another camera, A.K. can be seen placing the burlap bag near a dumpster in back of the deli and taking money out of the bag.   The police later located the bag in the dumpster, at which time it contained $1,600. Additionally, a fingerprint obtained from the window of Schafer's car matched one of D.L.'s fingerprints.

{¶5}   About a month after the theft, the police received a tip that D.L., A.K. and Crystal Russell, their mother, were staying at a local hotel.  Several police officers went to the hotel, and Russell gave her consent to search the hotel room. The police officers recovered $1,015 in tens and twenties.  They also found numerous shopping bags full of just-purchased clothing.

{¶6}   Both D.L. and A.K. were taken into custody.  A.K. stated that the cash was his, that he had a good job, and that he was "a good saver."  D.L. claimed to have only $15 on his person, although when he was arrested, he had a $100 bill in his possession.  Subsequently, Russell called police detectives to tell them that her boyfriend, William Turner, had put the boys up to stealing the money.  She stated that D.L. had told her that Turner "was the one that took the bag."

{¶7}   In his sole assignment of error, D.L. contends that the evidence was insufficient to support the adjudication for theft as a fourth-degree felony.  He argues that state failed to prove that the value of the property stolen was between $7,500 and $150,000 as required by former R.C. 2913.02(B)(2).  This assignment of error is well taken.

{¶8}   The relevant inquiry, when reviewing the sufficiency of the evidence, is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense proved beyond a reasonable doubt.  *In re Washington*, 75 Ohio St.3d 390, 392, 662 N.E.2d 346 (1996); *In re Booker*, 133 Ohio App.3d 387, 389-390, 728 N.E.2d 405 (1st Dist.1999).  To find D.L. delinquent for theft as a fourth-degree felony, the state had to prove that the value of the property or services stolen was more than $7,500 and less than $150,000.  *See* former R.C. 2913.02(B)(2).

{¶9}   The Ohio Supreme Court has held that the value of stolen property is not an essential element of the offense of theft, but instead a finding that enhances

the penalty for the offense. It is submitted to the fact finder for a special finding to determine the degree of the offense. *State v. Smith*, 121 Ohio St.3d 409, 2009-Ohio-787, 905 N.E.2d 151, ¶ 13. Nevertheless, to find D.L. delinquent for committing the fourth-degree felony, the state had to prove that the value of the stolen goods was between the amounts specified in the statute. It did not have to prove the exact amount, but it had to present some evidence to establish value. Former 2913.61(A); *State v. Pesec*, 11th Dist. Portage No. 2006-P-0084, 2007-Ohio-3846, ¶ 59.

{¶10} Schafer testified that before he went to Braun's Deli, he had gone to the bank and had filled out a withdrawal slip for $94,000. He then received a sum of money that was put in the burlap bag. He did not count the money, and he did not see anyone at the bank count it. He did not obtain a receipt, indicating that he could look up the information online. He stated that he took $2,000 out of that bag to put in the ATM at Braun's Deli and then left the bag on the floor of his car.

{¶11} A victim's testimony is sufficient to establish value. *See State v. Sexton*, 1st Dist. Hamilton No. C-110037, 2011-Ohio-5246, ¶ 3; *State v. Jones*, 10th Dist. Franklin No. 14AP-80, 2014-Ohio-3740, ¶ 24. But in this case, the victim did not have firsthand knowledge of how much money was actually in the bag. *See* Evid.R. 602; *Condit v. Condit*, 190 Ohio App.3d 634, 2010-Ohio-5202, 943 N.E.2d 1041, ¶ 20 (1st Dist.). Therefore, his testimony was insufficient to establish value. *See In re Wells*, 1st Dist. Hamilton No. C-080131, 2008-Ohio-6688, ¶ 5-9.

{¶12} In fact, none of the state's witnesses had firsthand knowledge sufficient to establish that the amount stolen was between $7,500 and $150,000. The state attempted to present an alleged copy of the withdrawal slip Schafer had used, but the trial court refused to allow it to be admitted into evidence because it was not adequately authenticated. Consequently, the state failed to present sufficient

4

evidence to support the adjudication of delinquency for theft as a fourth-degree felony.

{¶13} The state did present evidence showing that the burlap bag contained $1,600 when the police recovered it from the dumpster near where D.L.'s accomplice had left it. The video from surveillance cameras at the deli showed D.L. and A.K. loitering around the deli when Schafer was present to service the ATM. The video later shows A.K. taking the burlap bag to the dumpster where the police found it. Thus, the state presented competent, credible evidence to show that the bag contained $1,600.

{¶14} Former R.C. 2913.02(B)(2) provided that if the value of the property or services stolen was more than $1,000 and less than $7,500, a violation of the statute was a fifth-degree felony. Consequently, D.L. should have been adjudicated delinquent for committing theft as a fifth-degree felony.

{¶15} We sustain D.L.'s assignment of error. We affirm the portion of the trial court's judgment adjudicating D.L. delinquent for committing acts that, if committed by an adult, would have constituted theft, but reverse the trial court's judgment adjudicating him delinquent for theft as a fourth-degree felony, and remand the cause to the trial court to adjudicate D.L. delinquent for theft as a fifth-degree felony.

Judgment affirmed in part, reversed in part, and cause remanded.

**CUNNINGHAM, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry this date.