[Cite as *Etheridge v. Etheridge*, 2018-Ohio-2537.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IAN ETHERIDGE, | : | APPEAL NO. C-170629 |
| | | TRIAL NO. DR-1401851 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| CATHERINE ETHERIDGE, | : | |
| Defendant-Appellee. | : | |

Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 29, 2018

*George M. Parker*, for Plaintiff-Appellant.

**MILLER, Judge.**

{¶1} In a single assignment of error, Ian Etheridge contends that the trial court erred in granting his ex-wife, Catherine Etheridge, a divorce on the ground that the couple had, without interruption, lived separate and apart without cohabitation for one year. *See* R.C. 3105.01(J).

{¶2} Ian petitioned the court for a divorce in September 2014. Catherine counterclaimed for divorce. She amended her counterclaim in September 2017 to include the ground that the parties had lived separate and apart for at least one year. The court granted the divorce based on Catherine's amended counterclaim.

{¶3} Ian first asserts that we must reverse the trial court's judgment because neither Catherine's amended counterclaim nor the trial court's entry included the exact language of R.C. 3501.05(J). He does not contend that he and Catherine had not been living separate and apart without cohabitation for at least a year at the time of the amended counterclaim. His argument is limited to the formalities of the language in the pleading and the entry.

{¶4} Ian did not move to dismiss or otherwise object to Catherine's amended counterclaim, and he has failed to demonstrate plain error on appeal. *See State v. Rodgers,* 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860*,* ¶ 21-22 (to show plain error, the appellant must demonstrate obvious error that affected the outcome of the trial). Notice pleading is all that is required under Civ.R. 8(A). Regarding the entry, the trial court was not required to "echo the words" of R.C. 3501.05(J). *See Condit v. Condit*, 190 Ohio App.3d 634, 2010-Ohio-5202, 943 N.E.2d 1041, ¶ 25-27 (1st Dist.). We find this argument to be without merit.

{¶5} Next, Ian asserts that the trial court erred as a matter of law because Civ.R. 15(C) requires that the allegations in Catherine's amended counterclaim relate

2

back to the date of her original counterclaim. According to Ian, he and Catherine had not been separated for a year at the time Catherine counterclaimed in 2014. Ian misreads Civ.R. 15.

{¶6} In general, Civ.R. 15(C) lets a party overcome a potential statute of limitations issue by allowing amendments to a complaint to relate back to the date of an original filing under certain circumstances. *See* Staff Notes to Civ.R. 15(C). Civ.R. 15(C) does not prohibit an amendment to allege facts that arose after the filing of the original complaint. In fact, Civ.R. 15(E) expressly permits such a supplemental pleading. Ian's sole assignment of error is overruled. The trial court's judgment is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **DETERS, J.,** concur.

Please note:
 The court has recorded its own entry on the date of the release of this opinion.