[Cite as *In re Dissolution of Marriage of Mongkollugsana*, 2023-Ohio-25.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF: | : : : | |
| | : | C.A. No. 2022-CA-15 |
| ROCHIEL V. MONGKOLLUGSANA (nka FOULK) | : : : | Trial Court Case No. 1993 DR 33 |
| Appellee | : : : | (Appeal from Common Pleas Court-Domestic Relations) |
| v. | : | |
| JACKRIT MONGKOLLUGSANA | | |
| Appellant | | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 6, 2023

. . . . . . . . . . .

ZEBULON N. WAGNER, Attorney for Appellee

COURTNEY L. HANNA, DEBORAH L. MCNINCH, S. KYLE DODDERER, Attorneys for Appellant

. . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Jackrit Mongkollugsana appeals from the trial court's judgment denying his motion to modify or terminate his spousal-support obligation.   Because we find no error, we affirm.

**Facts and Procedural History**

**{¶ 2}** Rochiel Mongkollugsana (nka Foulk) and Jackritt Mongkollugsana were married in April 1975.    The marriage was terminated by decree of dissolution in April 1993.    Relevant to this appeal, their separation agreement, which was incorporated into the decree of dissolution, stated:

(2.) Spousal Support

The husband shall pay spousal support in the amount of FOUR THOUSAND DOLLARS ($4,000.00) per month plus poundage payable in advance on or before the first day of each month beginning on or before November 1, 1992, through the Delaware County Child Support Enforcement Agency (CSEA) by assignment from and upon Account No. * * * at Bank One of Columbus, NA, in the name of Jackrit Mongkollugsana, DDS, Inc.   The husband's spousal support obligation shall continue unabated unless and until the wife remarries or dies, or the husband dies.

During the existence of the husband's spousal support obligation under the terms of this Separation Agreement, the husband shall maintain the wife as the irrevocable beneficiary to New York Life Insurance Whole Life Insurance Policy No. * * * in the face amount of $500,000.   The husband shall provide the wife with proof of this designation within 45 days

of the date of execution hereof.

The husband shall maintain medical, dental, and optical insurance for the wife during the existence of his spousal support obligation. The husband shall furnish the wife with a medical provider card to secure this obligation. Further, the husband shall pay any and all of the wife's medical expenses over and above the first $100 of uninsured medical expenses each year, during the existence of the spousal support obligation.

Upon proof of the wife's enrollment in any graduate or undergraduate educational program, the husband shall pay to the wife as and for spousal support, reimbursement for any and all tuitions and fees attributable to such enrollment, payable directly to the wife. The wife shall be responsible for her own ancillary expenses such as course books and equipment, not including regularly assessed classroom or course fees. This obligation shall continue for a period of ten years from the date of prospective dissolution of marriage envisioned by this separation agreement or until the wife dies or remarries or the husband dies.

{¶ 3} The decree of dissolution stated that the separation agreement was "approved and incorporated as part of this Decree." The decree further stated in pertinent part:

In addition to the terms and conditions set forth in the Separation Agreement, the following matters related to spousal support, and equitable property division pursuant to agreed valuations of marital assets are further

defined.

The husband shall pay spousal support in the amount of $4,000 per month plus poundage payable on or before the first day of each month beginning with the date of this entry, through the Champaign County Child Support Enforcement Agency (CSEA) by assignment from Bank One of Columbus, Account No. * * *, in the name of Jackrit Mongkollugsana, DDS, Inc., which obligation shall continue unabated until the wife remarries or dies or the husband dies. The parties shall immediately report to the CSEA, and each party is under a continuing obligation to report any change in address, or any change in circumstance which will terminate the spousal support obligation. The husband is restrained from making direct payments of spousal support to the wife, and the wife is restrained from accepting direct payments of spousal support, except as otherwise enumerated. Any direct payments of the $4,000 monthly spousal support shall be deemed a gift. The remainder of the terms and conditions of spousal support as set forth by the parties in their separation agreement and the modification thereof shall be dealt with by and between the parties subject to the continuing jurisdiction of the Court to assure compliance.

{¶ 4} On January 14, 2022, Jackrit filed a motion to modify or terminate spousal support. In his motion, he noted he had retired from employment. Rochiel filed an objection to the motion in which she asserted the trial court had not retained jurisdiction to either modify or terminate Jackrit's support obligation. The matter was submitted

without hearing on briefs filed by both parties.

{¶ 5} The trial court issued an order denying the motion to terminate or modify spousal support upon a finding that neither the separation agreement nor the decree of dissolution "contain a provision specifically authorizing the Court to modify the amount or terms of spousal support. The language 'during the existence of the (or his) spousal support obligation' refers to the specific terms of when the obligation terminates, i.e. 'until the wife remarries or dies, or the husband dies.' The Decree references 'continuing jurisdiction of the Court,' but only to 'assure compliance' with the terms and conditions of the spousal support obligation."

{¶ 6} Jackrit appeals.

**Trial Court's Jurisdiction to Modify or Terminate Spousal Support**

{¶ 7} The sole assignment of error asserted by Jackrit states:

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S REQUEST TO MODIFY SPOUSAL SUPPORT DESPITE THE DECREE RETAINING JURISDICTION TO MODIFY

{¶ 8} Jackrit claims the trial court incorrectly concluded that it lacked continuing jurisdiction over spousal support. In support, he argues that the terms of both the decree and the separation agreement allowed for modification. Alternatively, he argues the trial court improperly altered the terms of the separation agreement, thereby creating an ambiguity, which must be construed against Rochiel given that her attorney drafted the

separation agreement.[1]

{¶ 9} "A separation agreement is a contract between the parties. Its interpretation is generally a matter of law, and it is subject to the same rules of construction that govern other contracts." (Citations omitted.) *Condit v. Condit*, 190 Ohio App.3d 634, 2010-Ohio-5202, 943 N.E.2d 1041, ¶ 11 (1st Dist.). "The court's primary objective in construing a separation agreement is to give effect to the parties' intent, which can be found in the language they have chosen to employ." (Citations omitted.) *Id.* "If the terms of a separation agreement are unambiguous, a court must give the terms their plain, ordinary meanings, and it need not go beyond the plain language of the agreement to determine the parties' rights and obligations." (Citation omitted.) *Id.*

{¶ 10} R.C. 3105.18(E) pertinently provides:

[I]f a continuing order for periodic payments of money as spousal support is entered in a divorce or dissolution of marriage action * * *, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and unless * * * [i]n the case of a dissolution of marriage, the separation agreement that is approved by the court and incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support.

{¶ 11} In this case, the separation agreement does not contain a provision

---

[1] Jackrit asserts he was not represented by counsel at the time of the dissolution.

permitting the court to modify the amount or terms of Jackrit's spousal support obligation. A plain reading of the separation agreement compels the conclusion that the trial court did not retain jurisdiction to modify or terminate spousal support. Instead, as stated by the trial court's decision, the decree simply stated that the court had continuing jurisdiction to assure compliance with the terms of the decree and separation agreement.

{¶ 12} Further, we find the claim that the trial court improperly amended the terms of the separation agreement to be without merit. We are cognizant of the facts that Jackrit was not represented by counsel and that the separation agreement was drafted by Rochiel's counsel. However, we also note that Jackrit is well-educated and was certainly capable of understanding the terms of that agreement. Importantly, Jackrit did not file an appeal objecting to the terms of the decree, nor does he claim that he was unaware of the differences between the decree and the separation agreement. Further, at no time during the more than 28 years following the decree did Jackrit file any motions raising this claim. Thus, we conclude this argument is barred by res judicata.

{¶ 13} The plain terms of the separation agreement and decree state that the monthly spousal support obligation "shall continue unabated unless and until the wife remarries or dies, or the husband dies." Because neither the decree nor the separation agreement provides for continuing jurisdiction over the amount or term of the support obligation, we find no error in the trial court's decision.

{¶ 14} Accordingly, the sole assignment of error is overruled.

**Conclusion**

{¶ 15} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.