WARE, d/b/a All About Seniors Day Care Center, et al., Appellants,

v.

FAIRFAX ZONING BOARD OF APPEALS, Appellee.

[Cite as *Ware v. Fairfax Bd. of Zoning Appeals,* 164 Ohio App.3d 772, 2005-Ohio-6516.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050149.

Decided Dec. 9, 2005.

Barrett & Weber, C. Francis Barrett, and Karri K. Haffner, for appellants.

Dinsmore & Shohl, Alan H. Abes, and Jessica S. Hylander, for appellee.

GORMAN, Judge.

{¶ 1} In a single assignment of error, appellants contend that the common pleas court erred by affirming the decision of the village of Fairfax's zoning board of appeals ("ZBA") that denied appellants' application to operate a senior daycare center in an "E" retail business zone. Because we conclude that the trial court erred as a matter of law, we reverse its judgment and order Fairfax to issue the necessary permit allowing appellants' proposed use.

{¶ 2} The facts in this case are undisputed. Appellants seek to renovate a former American Legion Hall for use as a senior daycare center to be known as "All About Seniors." The proposed daycare center would be open five days a week during normal business hours and would include a fitness room and a hair salon. Appellants also intend to offer the on-site services of a podiatrist and an optometrist on a limited basis. Before beginning renovations on the building at issue, appellants applied to Fairfax for permission to use the property in this way. The village's planning commission denied appellants' application, as did the ZBA, which found that the proposed senior center was not a permitted use under the village's zoning code. The common pleas court affirmed the decision of the ZBA. In so doing, the court ruled that appellants' proposed use fit the zoning code's definition of "daycare." The term "daycare," however, appears only in the code's definition section and is not listed as a permitted use anywhere in the zoning regulations. Given this fact, the trial court elected to categorize appellants' proposed use as a "convalescent care facility." Convalescent-care facilities are permitted only within a "D" zone. Consequently, the trial court affirmed the decision of the ZBA that denied appellants permission to proceed with their plans.

{¶ 3} In appellants' sole assignment of error, they assert that the trial court erred when it concluded that appellants' proposed use was a convalescent-care facility and ruled accordingly, despite the fact that the court had first determined that the use best fit the code's definition of "daycare." For the reasons that follow, we sustain this assignment of error.

{¶ 4} The common pleas courts and the courts of appeals review administrative appeals under differing standards of review. R.C. 2506.04; *Henley v. Youngs-*

*town Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433. The common pleas court is required to weigh the evidence in the record and to determine whether the order or decision at issue is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." R.C. 2506.04; *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848, fn. 4. The standard of review for courts of appeals, however, is limited to questions of law and " 'does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.' " *Henley*, 90 Ohio St.3d at 147, 735 N.E.2d 433, quoting *Kisil*, 12 Ohio St.3d at 34, 12 OBR 26, 465 N.E.2d 848, fn. 4. With respect to the weight of the evidence, this court is limited to determining only whether the common pleas court abused its discretion. *Henley*, 90 Ohio St.3d at 148, 735 N.E.2d 433. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

■ {¶ 5} In this case, we hold that the trial court acted arbitrarily and unreasonably when it determined that appellants' proposed use was a "convalescent care facility." The trial court initially found, in no uncertain terms, that the appellants' proposed use was a daycare facility as that term was defined in the zoning regulations. Appellants argue that instead of resorting to a default definition, the trial court should have determined whether a daycare facility was sufficiently similar to the uses permitted in an "E" zone so as to be a permitted use. We agree. See *Rotellini v. W. Carrollton Bd. of Zoning Appeals* (1989), 64 Ohio App.3d 17, 580 N.E.2d 500. Because the interpretation of a zoning ordinance raises a question of law, this issue falls within our limited power of review. R.C. 2506.04; See, also, *Moulagiannis v. Cleveland Bd. of Zoning Appeals*, 8th Dist. No. 84922, 2005-Ohio-2180; *Lamar Outdoor Advertising v. Dayton Bd. of Zoning Appeals*, 2nd Dist. No. 18902, 2002-Ohio-3159. We review issues of statutory interpretation de novo. See id.

■■ {¶ 6} Zoning regulations are in derogation of the common law and deprive a land owner of certain uses of his land to which he would otherwise be entitled. *Cash v. Cincinnati Bd. of Zoning Appeals* (1996), 117 Ohio App.3d 319, 323, 690 N.E.2d 593. Therefore, zoning regulations must be strictly construed in favor of the property owner, and their scope cannot be enlarged to include limitations not clearly set forth. Id.

■ {¶ 7} In the present case, we hold that the Fairfax zoning code does not clearly prohibit the operation of a daycare facility in an "E" zone and therefore that a daycare center is a permitted use. The code defines "daycare" as "a

building or structure where care, protection and supervision are provided on a regular schedule, for a fee, at least twice a week to at least five persons at one time, including any relation to the daycare provider." Fairfax Zoning Code 2.034. We have already stated that the zoning code does not list "daycare" as a permitted use within any zoning district. But we are persuaded that a daycare facility is similar to the uses permitted in an "E" zone. These uses include (1) retail sales and service shops; (2) personal services; (3) building and related trades; (4) business services; (5) commercial recreation establishments; (6) eating and drinking establishments; (7) entertainment establishments; (8) funeral homes; (9) garden centers, greenhouses and nurseries; (10) motels and hotels; and (11) printing and publishing establishments. Fairfax Zoning Code 11.1. All of these uses involve the provision of goods or services for a fee. Likewise, a daycare facility provides services for a fee. Under the particular facts of this case, "daycare" is sufficiently similar to the uses permitted in an "E" zone to be a permitted use.

{¶ 8} Fairfax asserts that the zoning code precludes the operation of a daycare facility in an "E" zone because the purpose of an "E" zone is "to provide a full range of business, office, professional, and commercial uses and is intended for those areas located along primary roadways and at major intersections where they may take advantage of heavy traffic flow." Fairfax Zoning Code 11.0. Fairfax argues that the proposed daycare facility does not rely on heavy traffic flow for its business because it caters to a limited and specific clientele and therefore should not be permitted in an "E" zone. But this same argument could be convincingly made concerning a number of the permitted uses, and we therefore find it unpersuasive. In addition, "while a statement of intent is a useful guide, it does not constitute a prohibition or proscription." *Rotellini*, 64 Ohio App.3d at 22, 580 N.E.2d 500. Given the fact that we must construe a zoning regulation strictly against the entity seeking to enforce it, we hold that the appellants must prevail on this issue. Accordingly, we sustain appellants' assignment of error.

{¶ 9} The judgment of the trial court is reversed, and the case is remanded with instructions that the village of Fairfax issue appellants the necessary permit allowing them to use the building at issue for a senior daycare center.

Judgment reversed
and cause remanded.

HILDEBRANDT, P.J., and HENDON, J., concur.