[Cite as *Greenacres Found. v. Zoning Bd. of Bldg. Appeals*, 2012-Ohio-4784.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GREENACRES FOUNDATION, | : | APPEAL NO. C-120131 |
| | | TRIAL NOS.  A-1007730 |
| Plaintiff-Appellee, | : | A-1008707 |
| vs. | : | *O P I N I O N.* |
| BOARD OF BUILDING APPEALS, CITY OF CINCINNATI, | : | |
| | : | |
| and | : | |
| ZONING BOARD OF APPEALS, CITY OF CINCINNATI, | : | |
| | : | |
| Defendants-Appellants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  october 17, 2012

*Barrett & Weber* and *C. Francis Barrett*, for Plaintiff-Appellee,

*Wood & Lamping, LLP*, and *Jeffrey D. Forbes*, for Defendants-Appellants.

**Please note:  This case has been removed from the accelerated calendar.**

**LEE H. HILDEBRANDT, JR., Presiding Judge.**

{¶1}     Defendants-appellants the Board of Building Appeals ("BBA") and the Zoning Board of Appeals ("ZBA"), collectively "the city," appeal the trial court's judgment holding, in effect, that plaintiff-appellee Greenacres Foundation ("Greenacres") did not have to obtain a "Certificate of Appropriateness" before the city could issue Greenacres a demolition permit.  For the following reasons, we affirm.

## FACTS

{¶2}     Greenacres is a charitable foundation that owns a 22-acre site in the Westwood neighborhood of Cincinnati.  One of the structures on the property, referred to as the "Gamble House," was the home of James Gamble, the son of one of the founders of the Procter & Gamble Company.   Because Greenacres determined that renovation of the house was not economically feasible, it decided to tear it down. On February 18, 2010, Greenacres applied to the city's director of buildings and inspections for a demolition permit.  At that time, the Gamble House property was zoned "SF-10," single family, without any historic zoning designation.

{¶3}     During the permit approval process, the city's chief building official, Amit Gosh, learned that there had been attempts to save the Gamble House from demolition on historic preservation grounds. Gosh therefore contacted the city's urban conservator, Larry Harris, for more information on this matter.  Harris opined that the Gamble House had "historic significance" and was a "historic structure" within the meaning of Cincinnati Municipal Code Chapter 1435 and therefore could not be demolished without Greenacres first obtaining a "Certificate of

Appropriateness" under Cincinnati Municipal Code 1435-01-C. Greenacres did not obtain a certificate. The city denied the permit on that basis.

{¶4} Greenacres appealed the denial of its demolition permit to the BBA and to the ZBA. In both cases, Greenacres argued that a "Certificate of Appropriateness" was unwarranted because (1) the zoning designation of "SF-10" that was in effect at the time that it had applied for a permit controlled the issuance of the permit vis-a-vis any zoning code requirements and (2) only city council, not Harris, had the authority to designate whether property was subject to the provisions of Cincinnati Municipal Code Chapter 1435 by passing legislation designating a structure as a "Historic Landmark" or as being within a "Historic District."

{¶5} The BBA dismissed the case for lack of jurisdiction. The ZBA denied Greenacres's appeal and upheld Harris's determination that the Gamble House was a "historic structure" of "historic significance," thereby requiring Greenacres to obtain a "Certificate of Appropriateness" before the city could issue it a demolition permit. Greenacres appealed these decisions to the court of common pleas. A common pleas magistrate vacated both the BBA's and ZBA's decisions, and remanded Greenacres's building permit application to the city's director of buildings and inspections for further proceedings. The trial court adopted the magistrate's decision. This appeal followed.

{¶6} In its sole assignment of error, the city argues that the trial court erred when it reversed the decisions of the ZBA and the BBA.

### FORMER CINCINNATI MUNICIPAL CODE CHAPTER 1435

{¶7} The crux of this case turns on the interpretation of Cincinnati Municipal Code Chapter 1435, entitled "Historic Landmarks and Districts," that was

in effect when Greenacres applied for a demolition permit on February 18, 2010. *See Gibson v. Oberlin*, 171 Ohio St. 1, 67 N.E.2d 651 (1960) (The approval or denial of a building permit must be based upon the zoning regulations in effect at the time the application for the permit is filed.)

{¶8} The city contends that the zoning code gave the urban conservator the authority to deem a structure of "historic significance" without any action by city council, thereby requiring the property owner to obtain a "Certificate of Appropriateness" prior to altering or demolishing the structure.

{¶9} Greenacres asserts that former Cincinnati Municipal Code Chapter 1435 required city council to pass an ordinance designating a structure as a "historic landmark" or that a structure was in a "historic district" before former Cincinnati Municipal Code Chapter 1435 regulations took effect. Because council had not designated the Gamble House as a "historic landmark" or as within a "historic district" at the time that Greenacres had applied for a demolition permit, Greenacres argues that it was not required to obtain a "Certificate of Appropriateness."

## DE NOVO REVIEW

{¶10} Statutory interpretation presents a question of law that we review de novo. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8. Zoning regulations are in derogation of the common law and deprive a landowner of certain uses to which he or she would otherwise be entitled. *Saunders v. Clark Cty. Zoning Dept.,* 66 Ohio St.2d 259, 261, 421 N.E.2d 152 (1981); *Ware v. Cincinnati Zoning Bd. of Appeals*, 164 Ohio App.3d 772, 2005-Ohio-6516, 844 N.E.2d 357, ¶ 6 (1st Dist.); *Cash v. Cincinnati Bd. of Zoning Appeals*, 117 Ohio App.3d 319, 323, 690 N.E.2d 593 (1st Dist.1996). Such regulations must therefore be strictly construed in

favor of the property owner and cannot be enlarged to include limitations not clearly set forth. *Id.* Also, where the meaning of a particular provision or requirement is unclear, its meaning should be derived from a reading of the entire ordinance. *In re Univ. Circle, Inc.*, 56 Ohio St.2d 180, 184, 383 N.E.2d 139 (1978).

### THE URBAN CONSERVATOR OR CITY COUNCIL?

{¶11} The city argues that the urban conservator had the authority to determine if a structure was a "historic structure" within the meaning of former Cincinnati Municipal Code 1435-01-H4. It claims that amendments made to the zoning code in 2004 (and that were in effect when Greenacres had applied for a demolition permit) reflected that city council did not have to legislatively designate a structure as a "historic landmark" or as being within a "historic district" before it was subject to former Cincinnati Municipal Code Chapter 1435 regulations. Prior to 2004, the code provided that a historic structure was "[a]ny improvement to real property which has historic significance and which has been designated as an historic structure pursuant to the provisions of this chapter." Former Cincinnati Municipal Code 741-1-H3. After 2004 through July 2012, "historic structure" was defined as "[a]n improvement to real property that has historic significance." Former Cincinnati Municipal Code 1435-01-H4. "Designation" is a legislative process. Since the designation requirement was removed in the 2004 amendments, the city contends that the urban conservator had had the authority to determine that the Gamble House was of "historic significance," thereby requiring Greenacres to obtain a "Certificate of Appropriateness." In further support of its position that a "Certificate of Appropriateness" was required, the city cites former Cincinnati

Municipal Code 1435-03 which states that a "Certificate of Appropriateness" had to be issued before a person could demolish a "historic structure."

{¶12} We are not convinced by the city's argument. First, while the "designation" requirement was obviously removed from the code in 2004, the 2004 through July, 2012 version of the code fails to delineate who or what body may determine if a structure is of "historic significance." The powers of the urban conservator were listed in former Cincinnati Municipal Code 1435-13(c) and 1435-19. These provisions did not include the authority to deem a structure "historic." And we find no authority to support the city's position that the urban conservator had this power.

{¶13} Second, as Greenacres aptly points out, there are provisions in former Cincinnati Municipal Code Chapter 1435 that conflict with those code sections cited by the city, and that required a legislative designation by city council before the "Certificate of Appropriateness" requirement applied. For example, former Cincinnati Municipal Code 1435-01-C defines "Certificate of Appropriateness" as a certificate "indicating that a proposed * * * demolition of a historic structure *within a Historic Landmark or District* is in accordance with the provisions of this chapter." (Emphasis added). Former Cincinnati Municipal Code 1435-15, entitled "Approval of Certificate of Appropriateness," states that the purpose of a "Certificate of Appropriateness" is to further "the conservation and integrity [of] *the Historic Landmark or District* affected." (Emphasis added). Only city council had the authority to designate a "landmark" or "district" by passing legislation to this effect. Former Cincinnati Municipal Code 1435-07(d). Further, former Cincinnati Municipal Code 1435-15(a) required that a proposed demolition of or alteration to

property conform to the property's "guidelines" before a "Certificate of Appropriateness" could be issued. "Guidelines" were to be adopted by city council at the time that it had legislatively designated a historic landmark or district. Former Cincinnati Municipal Code 1435-11.

{¶14} We must construe conflicting provisions in favor of the landowner. We therefore hold that city council was required to have legislatively designated that a structure was a "Historic Landmark" or that it was within a "Historic District" before the provisions of former Cincinnati Municipal Code Chapter 1435 requiring a "Certificate of Appropriateness" applied. Since city council had not done so at the time that Greenacres had applied for a demolition permit, Greenacres was not required to obtain a "Certificate of Appropriateness" before a permit could be issued.

### REMAINING ISSUES

{¶15} The city raises several other issues. First, the city contends that the common pleas magistrate applied the wrong standard of review and that the trial court therefore abused its discretion in adopting the magistrate's decision. The city first asserts that the magistrate failed to give enough deference to the decisions of the ZBA and BBA under the standard set forth in R.C. 2506.04. The city is correct that R.C. 2506.04 requires the trial court to give "due deference" to the decision of an administrative body in the resolution of evidentiary conflicts. *Bud Co. v. Mercer,* 14 Ohio App.3d 269, 471 N.E.2d 151 (6th Dist.1984). But this case presented a question of law. R.C. 2506.04 allows a common pleas court to determine whether the decision of an administrative body is "illegal." R.C. 2506.04; *Henley v. City of Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). Here, the magistrate used principles of statutory construction where appropriate. And while

our analysis differs from that adopted by the trial court, it is well-settled that a trial court may be right for the wrong reasons without resulting in reversible error. *Losantiville Holdings v. Kashanian*, 1st Dist. No. C-110865, 2012-Ohio-3435, ¶ 20; *Condit v. Condit*, 190 Ohio App.3d 634, 2010-Ohio-5202, 943 N.E.2d 1041, ¶ 10 (1st Dist.). Accordingly, this argument has no merit.

{¶16} The city next contends that the trial court erroneously reversed a part of the ZBA's decision finding that the ZBA was without jurisdiction to review a recommendation by the Historic Conservation Board asking city council to designate the Gamble House as a "Historic District." Amendments to the Cincinnati Municipal Code effective July 20, 2012, address this issue. We therefore find this argument to be moot and we decline to address it. *See* App.R. 12(A)(1)(c).

{¶17} Finally, the city contends that the trial court abused its discretion when it adopted the magistrate's decision that reversed and vacated the BBA's dismissal of Greenacres's appeal for lack of jurisdiction. Given the disposition of this case, we hold that this issue is moot, as well. *Id.*

## CONCLUSION

{¶18} In sum, the city's sole assignment of error is overruled. Greenacres's application for a demolition permit must be processed according to the law that was in effect at the time it applied for the permit, without reference to the requirements of former Cincinnati Municipal Code Chapter 1435.

Judgment Affirmed.

**HENDON** and **CUNNINGHAM, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.