[Cite as *State v. Sulken*, 2022-Ohio-2371.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210577 |
| | | TRIAL NO. C-21CRB-11374 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| SHAUNA MICHELLE SULKEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: July 8, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Robert G. Kelly,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}  Defendant-appellant Shauna Sulken appeals her minor misdemeanor conviction for a zoning violation.  In two assignments of error, Sulken contends that her conviction must be reversed because she did not violate the Delhi Zoning Resolution ("zoning resolution").  For the reasons that follow, we sustain Sulken's first assignment of error in part, reverse the decision of the trial court, and discharge Sulken from further prosecution.  Our disposition of Sulken's first assignment of error renders moot her second assignment of error and we decline to address it.  *See* App.R. 12(A)(1)(c).

## *Facts and Procedure*

{¶2}  Sulken co-owns land in Delhi Township, Hamilton County, Ohio ("the property").  She lives with her children and the co-owner in the family's residence on one parcel, and her children often ride their dirt bikes in an abutting, one-acre parcel behind their home which Sulken also owns.  Pursuant to the zoning resolution, the property is located in the "C Zoning District," which is one of several single-family residence districts in Delhi Township.  On June 23, 2021, Sulken was cited by Delhi Township Police for a zoning violation under R.C. 519.23[1] for "us[ing] land in violation of township zoning ordinance, to wit: [Section] 3.5A dirt bike track."

{¶3}  At a bench trial in October 2021, Sulken testified that her two sons have ridden their dirt bikes on the one-acre parcel behind her home since she purchased the property in 2016.  Sulken testified that initially she "constructed a whole motor

---

[1] R.C. 519.23 states: "No building shall be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used, and no land shall be used in violation of any resolution, or amendment or supplement to such resolution, adopted by any board of township trustees under sections 519.02 to 519.25, inclusive, of the Revised Code. Each day's continuation of a violation of this section may be deemed a separate offense."

2

cross track that [included] six passes." Essentially, Sulken moved dirt on the parcel to create six mounds. The mounds were "three to four feet high" in one area and were used for the children to ride their dirt bikes.

{¶4} After complaints from neighbors started in 2018, the township sent Sulken a letter demanding that she "cease and desist from use of the dirt track and to remove the same from the property." Sulken testified that she removed the mounds after receiving the letter, but that the children continued to ride their dirt bikes because she thought this was permissible so long as the mounds were removed. In 2020, the township sent another letter stating that the track still violated the zoning resolution even without the mounds. Despite the letter, Sulken's children continued to ride their dirt bikes on the property.

{¶5} In June 2021, Delhi Township Police and a zoning inspector came to the property to issue a citation. Sulken testified that when they came to her home she said, "I assume you're here because we're riding dirt bikes. And [the officer] said yes, you have a track."

{¶6} Sulken described the area now as having only a "worn-out path," from her children's repetitive riding. Sulken also testified about the noise of the dirt bikes, and stated that she specifically bought dirt bikes with smaller, quieter engines and prohibited her children from riding them after 9 p.m. to appease the neighbors.

{¶7} Delhi Township zoning administrator Anthony Steven Roach testified for the state. He testified that he did not personally go onto the property the day the citation was issued, but he was "two residences to the south" of Sulken's property when he saw a person riding a dirt bike on the one-acre parcel behind the home. The state introduced a photograph taken by Roach from his vantage point showing Sulken's son

3

riding a dirt bike near, as Roach stated, "some type of mound," which he described as being "probably a foot or two high."

{¶8} Roach also testified about the noise of the dirt bikes, stating that riding battery-powered motorized vehicles would be permitted on the property, but dirt bikes were not permitted because of "[t]he nuisance of the noise."

{¶9} The court's questioning during the trial focused on the noise of the dirt bikes, the size of the engines, and the proximity of neighboring properties.

{¶10} The court found Sulken guilty and sentenced her to a $100 fine plus court costs. She timely appealed.

### *Sufficiency of the Evidence*

{¶11} In her first assignment of error, Sulken challenges the sufficiency of the evidence, and argues that the trial court's determination of guilt was against the manifest weight of the evidence. In light of our decision on the sufficiency portion of this assignment, we do not address Sulken's manifest-weight argument.

{¶12} "In a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found all the essential elements of the crime proved beyond a reasonable doubt." *State v. Ham*, 1st Dist. Hamilton No. C-170043, 2017-Ohio-9189, ¶ 19, citing *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991).

{¶13} Zoning codes, because they are in derogation of the common law, shall be construed in favor of property owners, and "cannot be enlarged to include limitations not clearly set forth." *Greenacres Found. v. Bd. of Bldg. Appeals,* 1st Dist. Hamilton No. 120131, 2012-Ohio-4784, ¶ 10, citing *Saunders v. Clark Cty. Zoning Dept.*, 66 Ohio St.2d 259, 261, 421 N.E.2d 152 (1981), and *Ware v. Fairfax Bd. of*

4

*Zoning Appeals*, 164 Ohio App.3d 772, 2005-Ohio-6516, 844 N.E.2d 357, ¶ 6 (1st Dist.), and *Cash v. Cincinnati Bd. of Zoning Appeals*, 117 Ohio App.3d 319, 323, 690 N.E.2d 593 (1st Dist.1996). "Exemptions from the restrictive provisions of a zoning code * * * and language defining a 'permitted use' " should also be construed in favor of the free use of property. *Rotellini v. West Carrollton Bd. of Zoning Appeals,* 64 Ohio App.3d 17, 21, 580 N.E.2d 500 (2d Dist.1989).

{¶14}  In this case, Sulken was cited for her violation of Section 3.5(A) of the zoning resolution, which provides "[n]o building or premises shall be erected, reconstructed, structurally altered, or used for any use or purpose that is not in compliance with the zoning code, except as permitted by Section 23."

{¶15}  Specifically, the state alleges that Sulken's use of the property constitutes an impermissible accessory use.  As defined by the resolution, an accessory use is "[a] building, structure, or use both permanent or temporary which is naturally and normally incidental to the main building, structure, or use and erected at the same time or after the construction of the main building, structure, or use."

{¶16}  Accessory uses are "permitted with standards" in the C Zoning District. *See* Section 4.3, Table 4.1 of the zoning resolution. In relevant part, those standards include the following:

1.    Required to obtain a zoning certificate, unless otherwise noted.

2.    Located on the same parcel as the primary structure.

3.    Situated and/or constructed in the rear yard, unless specifically exempted herein.  For corner lots, accessory buildings and uses may be located in the side yard.

4.    Front decks or porches, handicap accessible ramps, and fences per Section 16 are permitted in the front yard as long as they meet all other applicable regulations contained herein.

5.    Playsets, trampolines, children swing sets, sand boxes, hot tubs, fire pits, grills, smokers, sports equipment, (ex[cep]t as noted in "6") and clothes lines are required to be located in the rear yard. These items do not require a zoning certificate.

6.    Basketball hoops that are freestanding or are attached to a structure may be located in any yard and do not require a zoning certificate.

7.    Shall be situated not less than three feet from the rear and side lot lines, except for swimming pools, coops, and pens, which shall be no less than 10 feet from any rear and side lot lines.

8.    Shall not exceed 1.5 stories and 25 feet in height.

9.    Exterior façade materials and colors shall be complimentary to the principal building.

10.    Accessory buildings and/or uses cumulatively shall not exceed or occupy more than 30 percent of the rear yard of the premises upon which they are located * * *.

11.    Private detached garages shall not exceed one garage per lot and have a maximum building footprint of 1,032 square feet.

Section 4.5(A) of the zoning resolution.

{¶17} Section 4.5(B) of the zoning resolution goes on to provide standards for private stables, stating that "[p]rivate stables are permitted as accessory uses in the

Single Family Residence District. Such uses shall be located in the rear yard and shall be located a minimum of 10 feet from all property lines."

{¶18} Sulken argues that while she was cited for a dirt-bike track, the evidence at trial focused entirely on the use of the dirt bikes, which cannot reasonably be covered under this portion of the resolution.

{¶19} In its brief, the state agreed that "[t]he sole issue at trial was whether the operation of dirt bikes was a violation of the zoning resolution." The state reiterated at oral argument that there was not "any contention that it was a problem of aesthetics, it's a problem of noise."

{¶20} Roach, the state's sole witness at trial, testified that he agreed that there were not any illegal structures on the property, and that the movement of dirt on the property did not require a zoning permit. He testified that the dirt bikes were prohibited because of the "nuisance of the noise."

{¶21} Therefore, while the state cited Sulken for the dirt-bike track on the property, it has conceded that the issue is the use of the dirt bikes. The state argues that this still violates the zoning code as an impermissible accessory use. The state contends that Sulken's use is not permitted because the "[o]peration of dirt bikes and other recreational vehicles is not listed among the permitted accessory uses" in the C Zoning District, and because it "was occurring on a parcel that was separate from the residence."

{¶22} Keeping in mind that zoning codes must be construed in favor of the landowner, we turn to the language of the zoning resolution at issue in this case. Pursuant to Section 4.5(A) of the resolution, permitted accessory buildings and uses not requiring a certificate in C Zoning Districts include: playsets, trampolines, hot

7

tubs, fire-pits, grills, sports equipment, basketball hoops, and clothes lines.  Other permitted accessory uses, pursuant to additional guidelines, include front decks or porches, private detached garages, and private stables.

{¶23}  By its terms, the section regulates equipment and structures, not actions or activities.  In fact, not a single action or activity is listed.  It is clear that the resolution naturally applies to actions or activities that go along with the regulated equipment and structures.  But it would be unreasonable to construe the resolution as prohibiting all other actions or activities that do not require the regulated equipment or structures.  Would the state argue that a person could not practice yoga or play the violin on their property because neither of those activities is specifically listed as an "accessory use?"  This cannot be the purpose of the resolution's language.  Thus, we hold that it is not reasonable to construe the resolution to prohibit the riding of dirt bikes on the property.

{¶24}  The state has conceded that there was not a "dirt bike track" on Sulken's property.  And we disagree that riding noisy dirt bikes on the property was an "accessory use" that violated the Delhi Zoning Resolution.

{¶25}  Therefore, finding there to be insufficient evidence to support her conviction, we sustain Sulken's first assignment of error in part.

### *Conclusion*

{¶26}  For the foregoing reasons, we sustain Sulken's first assignment of error in part, reverse the judgment of the trial court, and discharge Sulken from further prosecution.  Because our decision to sustain the first assignment of error in part is dispositive, the second assignment of error is moot and we decline to address it.

Judgment reversed and appellant discharged.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:

      The court has recorded its entry on the date of the release of this opinion